IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

         v.              Case No. 08-50018

DARRYL JACOB GLENN                                          DEFENDANT

<u>O R D E R</u>

Now on this the 13th day of May 2008, comes on for consideration the defendant's **Motion to Dismiss Indictment** (Document #11) and the Government's response in opposition (Document #14). The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1.   The indictment in this case charges that between June 2007 and July 28, 2007, the defendant violated 18 U.S.C. § 2250 by failing to register as a sex offender and/or update his registration as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, *et seq.*

2.   According to the Government, the following events led to the defendant's indictment:

*  In 1985, the defendant was convicted of a sex offense in the State of Texas. The defendant's conviction required him to register as a sex offender and to update that registration every ninety days. Further, in the event that the defendant moved outside the State of Texas, he was required to register, within

ten days, in any state in which he was located or resided.  The
defendant signed notification forms regarding these registration
requirements.

    * In July of 2007, law enforcement agents in Arkansas became
aware that the defendant had been living in the Decatur, Arkansas
area.

    * As of July 2007, the defendant had failed to register with
the State of Arkansas as a sex offender.

    3.    The defendant now moves to dismiss the indictment,
arguing that application of SORNA would violate the Ex Post Facto
Clause.  Neither the Eight Circuit Court of Appeals nor any of its
sister circuits has addressed the issue of whether the retroactive
application of SORNA's registration requirements violates the Ex
Post Facto Clause.  However, the majority of district court
decisions on this issue, including several from this district,
have held that SORNA is not an ex post facto law.  See United
States v. Marcantonio, 2007 W.L. 2230773, at *1 (W.D. Ark. July
31, 2007); United States v. Markel, 2007 W.L. 1100416, at *1-2
(W.D. Ark. Apr. 11, 2007); United States v. Payne, Case No. 07-
20002 (W.D. Ark. Feb. 26, 2007); Unites States v. Gonzales, 2007
W.L. 2298004, at *10 (N.D. Fla. Aug. 9, 2007); Unites States v.
Mason, 2007 W.L. 1521515, at *4-5 (M.D. Fla. May 22, 2007); United
States v. Templeton, 2007 W.L. 445481, at *5 (W.D. Okla. Feb. 7,

2007); <u>United States v. Madera</u>, 474 F.Supp.2d 1257, 1262-64 (M.D. Fla. Jan. 16, 2007).

These decisions have relied upon the reasoning in <u>Smith v. Doe</u>, 538 U.S. 84 (2003), in which the Supreme Court upheld the retroactive application of an Alaska sex offender registration law.  Failure to register under the Alaska law carried a criminal penalty, just as 18 U.S.C. § 2250 does for failure to register under SORNA.  The Supreme Court held, however, that the Alaska registration law was nonpunitive, and that its retroactive application, therefore, did not violate the Ex Post Facto Clause. The Court reasoned that the registration scheme was designed to protect the public from sex offenders and that an imposition of restrictive measures on sex offenders adjudged to be dangerous was a legitimate nonpunitive governmental objective.  <u>Id</u>. at 93-97.

This Court, like the majority of others that have addressed the issue, finds that the rationale applied by the Supreme Court in <u>Smith</u> in analyzing the retroactive application of the Alaska registration law likewise applies to the retroactive application of SORNA.  The Court, therefore, concludes that the retroactive application of SORNA does not violate the Ex Post Facto Clause.

4.  The defendant next argues that he was never notified of the requirement to register under SORNA, as required by SORNA's own provisions, so he could not have knowingly failed to register under § 2250.  This argument has likewise been rejected by the

majority of district courts to address the issue.    See Marcantonio, 2007 W.L. 2230773, at *1-2; Markel, 2007 W.L. 1100416, at *2; Payne, Case No. 07-20002; Manning, 2007 W.L. 624037, at *2; Gonzales, 2007 W.L. 2298004, at *2-4; United States v. Hinen, 487 F.Supp.2d 747, 754 (W.D. Va. 2007); United States v. Roberts, 2007 W.L. 2155750, at *2 (W.D. Va. July 27, 2007).

In the present case, the defendant was advised in writing of his obligation to register as a sex offender under Texas law.  The defendant was also advised that he would be required to comply with sex registration requirements outside the State of Texas, should he relocate.  As explained in Marcantonio:

> A violation of SORNA requires that a defendant knowingly fail to register or update a registration. A defendant can violate [SORNA] by failing to register or update a SORNA imposed registration obligation or a registration obligation imposed by another law.

Id. at *2.  Thus, the defendant's notice of his registration requirements under Texas law is sufficient to support a charge that he knowingly violated SORNA.

5.  Based on the foregoing, the Court concludes that the defendant's **Motion to Dismiss Indictment** (Document #11) is without merit.  Accordingly, the motion is hereby **DENIED.**

**IT IS SO ORDERED.**

 **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**